## Orrell *versus* Van Gorder & Shepard.

1. A husband lived with his wife but neglected or refused to provide for her, and was idle, profligate and worthless. The wife carried on business on her own account, and personally purchased goods for said business, which were charged to her. *Held*, that she could be sued for the price thereof as a feme sole trader, under the Act of May 4th 1855, and that a decree declaring her to be such a trader was not necessary before suit could be brought.

2. Elsey *v.* McDaniel, 14 Norris 472, followed.

November 9th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1880, No. 31.

Assumpsit by Van Gorder & Shepard against Louisa Orrell, for goods sold and delivered. The plaintiffs brought this action against defendant as a *feme sole* trader to recover the value of produce furnished to her in her business. It appeared that Mrs. Orrell was a huckster, and bought and sold on her own account; that her husband lived with her and occasionally worked for her, but was idle, intemperate and worthless, and made no provision of any kind for his wife, but that on the contrary she supported him; that she personally ordered the goods, except in a few instances, when her husband acted as her messenger, and that they were all charged to her upon the books of the plaintiffs. There was no evidence of a decree that she had been declared a *feme sole* trader.

At the trial, before Bailey, A. L. J., the plaintiffs presented the following points, which with the answers of the court will be found in the assignments of error below, which were to the verdict and judgment in favor of plaintiffs:—

1. The court erred in affirming the plaintiffs' second point: That no formal decree of a court is necessary to constitute a woman a *feme sole* trader under the Act of May 4th 1855.

2. In their answer to the plaintiff's first point: That if the jury are satisfied from the evidence that defendant's husband refused or neglected to provide for her, and that she was merchandising on her own account, and under such circumstances bought the goods for the price for which this suit is brought, then their verdict should be for the plaintiff, for such sum as they may find due and owing.

Ans. " Affirmed. If the jury are satisfied from the evidence that the husband of the defendant neglected or refused to provide for her, and that she dealt with the plaintiffs or other parties openly, and permitted them to deal with her upon the idea that her business was being carried on by her, on her own account and for her own benefit and apart from her husband, then the plain-

[Orrell *v.* Van Gorder.]

tiffs would be entitled to recover in this action, notwithstanding she was a married woman."

3. In charging the jury : " These are the points you will determine in this case, under the circumstances and facts that have been given in evidence. Are you satisfied that the defendant's husband either neglected or refused to provide for her ? and that the plaintiffs dealt with her, with her knowledge and consent, as carrying on business in her own right and for herself independently of her husband ? If so, the plaintiffs are entitled to your verdict."

*A. Blakeley*, for plaintiff in error.—The legislative intent in the Act of May 4th 1855 was that a married woman could lose no status under said act until she has obtained a decree according to said act : Hentz *v.* Clemson, 34 Leg. Int. 5 ; Hyde *v.* Hesser, 3 Phila. 508. A distinct remedy and security being pointed out by the Act of 1855, there is no hardship in binding a married woman to a compliance with its provisions.

In actions upon a statute to charge the estate of a married woman, the court should follow the statute. Here the statute starts out with a statement of facts which must be found to exist before she can pass from her common-law status.

There must be drunkenness, or profligacy or other cause, and other cause in this connection means other like cause, and the jury should have been instructed as the essential starting point, that they must find from the evidence, drunkenness, profligacy or other cause of desertion, and if the jury should fail to find these, or either of them, they need go no further. The court only said if the husband " neglected or refused to provide for her."

*Geo. Elphinstone*, for defendants in error.—The court did not hear argument for defendants in error, saying that the main questions in the case had been decided at the present time in Elsey *v.* McDaniel. (See 14 Norris 472.—REP.)

The judgment of the Supreme Court was entered November 22d 1880,

PER CURIAM.—This case is ruled by Black *v.* Tricker, 9. P. F. Smith 13, and Ely *v.* McDaniel, 14 Norris 472, decided at this term. In this last case it was held that the deed of a *feme sole* trader, without any decree and without her husband, was valid as against her, which goes much further than the case presented on this record.

Judgment affirmed.