## Ewing's Appeal.

1. A feme sole trader under the Act of 4th May 1855 (P. L. 430), has power to make a contract for the sale of her real estate without a separate acknowledgment or the joinder of her husband therein.

2. The fact that a feme sole trader is actually residing with her husband does not take away her privileges under the Act of 4th May 1855 (P. L. 430).

October 20th 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL of James A. Ewing, Samuel Meloney and Julia A. Meloney from a decree of the Court of Common Pleas No. 1 of *Allegheny county:* Of October Term 1882, No. 106.

Bill in Equity, filed June 17th 1881, between George S. Head, complainant, and James A. Ewing, Samuel Meloney and Julia A. Meloney, defendants, praying that a certain contract for sale of a tract of land therein described, made by Samuel J. Meloney and Julia A. Meloney, his wife, to said James A. Ewing, dated June 6th 1881, be decreed to be fraudulent and void as to said plaintiff, and that the court order and decree specific performance of a certain other agreement for the sale of the same tract of land to said George S. Head, dated June 2d 1881.

The court appointed Jacob F. Slagle, Esq., as Master and examiner to take testimony and report the facts with a form of decree.   According to his report the admitted facts of the case were as follows: Julia A. Meloney was the wife of Samuel J. Meloney, who left the state of Pennsylvania in 1852 and went to the state of California.   During his absence in the year 1874 Julia A. Meloney presented her petition to the Court of Common Pleas of Allegheny county at No. 634 of March Term 1874, and was duly declared to be a feme sole trader.   This decree of the court was never revoked or vacated.   The property in dispute was a portion of a tract of land belonging to John Hays, the father of said Julia A. Meloney, of which he died seised.   By proceedings in partition in the Orphans' Court of Allegheny county at No. 3 of March Term, 1876 said land was divided into five purparts of which purpart No. 4 was awarded to said Julia A. Meloney, and afterwards she inherited from a deceased brother one-third of another purpart amounting in all to some fifty acres of land situate in Collier township, Allegheny county.

In 1878 Samuel J. Meloney returned to Allegheny county and on June 2d 1881 was living with said Julia A. Meloney in her house adjoining her said tract of land.

On June 2d 1881, said Samuel J. and Julia A. Meloney agreed to sell the land in dispute to said George S. Head, the

plaintiff, for the price of $100 per acre, and entered into written articles without acknowledgment. On June 14th 1881, said George S. Head tendered the full amount of purchase money, $5,172.00 which Mrs. Meloney refused to accept. On June 6th 1881, said Samuel J. Meloney and Julia A. Meloney entered into an article of agreement with James A. Ewing, duly acknowledged and recorded in deed book, volume 422, page 229, whereby they agreed to sell the same premises to said James A. Ewing, he paying, on account of purchase money, $1,000, and he was in possession of the same at the time the bill was filed. At the time the agreement was made to sell to James A. Ewing, he knew that Meloney and wife had made the agreement to convey to said George S. Head, and prior to June 21st 1881, said George S. Head had purchased the land owned by the other heirs of James Hays, adjoining the tract purchased from Mrs. Meloney.

The questions of fact in dispute were as follows:

1st. It was alleged by James A. Ewing that prior to June 2d 1881, he had made a parol contract with said Samuel J. Meloney and wife for the purchase of said tract of land. 2d. That he had taken possession of the premises in pursuance of said contract. 3rd. That the written agreement of June 6th was made to carry into effect the parol contract previously made. 4th. That at the time of the making of the contract of June 2d 1881, said George S. Head knew of the parol agreement with Ewing, improperly persuaded Meloney and wife to make the agreement with him in disregard of the rights of said Ewing.

Upon all these questions of fact the master found in favor of the plaintiff, and further reported as follows:

" It is contended by defendants that the contract of June 2d with Mr. Head can not be enforced : 1st, because Mrs. Meloney being a married woman, the contract, not being separately acknowledged, is not binding upon her; and 2d, that the Meloneys, having made a new contract with Ewing, under which he is in possession of the premises, to sustain plaintiff's bill as against him would be in the nature of an ejectment, and therefore not sustainable in equity.

" Mrs. Meloney was declared a feme sole trader under the provisions of the Act of May 4th 1855, and the certificate granted at No. 634, March Term, 1874, has not been revoked. As that Act declares that the certificate shall be conclusive evidence of her authority until revoked it follows that she must be regarded as a feme sole trader, notwithstanding the return of her husband.

" The 2d section of that Act declares that, ' her property, real and personal, howsoever acquired shall be subject to her free and absolute disposal during life, or by will," and it was accord-

ingly held in Wilson *v.* Coursin, 72 Pa. St. 306, that a woman decreed a feme sole trader under the Act of May 4th 1855, may during the life or her husband convey her real estate by deed in which her husband does not join. [Having power to make a deed without a separate acknowledgment, a contract, in the same form would be binding upon her, and a court of equity would have jurisdiction to enforce specific performance of the contract.] Dankel *v.* Hunter, 61 Pa. St. 382. (Tenth assignment of error.)

"Indeed, the same case suggests the question whether there would be any other remedy to the purchaser, and the case of Cleaver *v.* Scheets, 70 Pa. St. 496, relied upon by defendant, seems rather to have the other bearing. [The fact that Samuel Meloney, the husband, joined in the contract can certainly not be held to change the effect of the agreement as to his wife. Its only effect would be to·convey his interest as tenant ·by curtesy, which she possibly could not divest without his consent."] (Ninth assignment of error.)

The court dismissed exceptions filed to this report and confirmed the Master's findings of fact and his application of the law to them and entered the following decree: " That the contract between Julia A. Meloney and Samuel J. Meloney of the one part and James A. Ewing of the other part bearing date of June 6th 1881, and recorded in the office of the Recorder of Allegheny county in Deed Book, vol. 422, page 299, is void and of no effect as against said George S. Head, his heirs and assigns, and that the same shall be delivered up to be cancelled. That Samuel J. Meloney and Julia A. Meloney shall upon payment by said George S. Head to said Julia A. Meloney the sum of $5,172, make, execute and deliver to said George S. Head a good and sufficient deed of conveyance to him his heirs and assigns, for the property particularly described in the first paragraph of the bill filed in this case. . . . . "

The defendants took this appeal, assigning for error, inter alia, the dismissal of their exceptions to the master's findings of fact and conclusions of law, and the above decree.

*Robb* and *Fitzsimmons* and *John S. Furguson,* for James A. Ewing, appellant.—The Act of 1855 relating to feme sole traders was not intended to work an actual divorce between husband and wife, but to suspend the marital rights of the husband in consequence of the acts enumerated: Black *v.* Tricker, 9 P. F. Smith 13. The married woman to enjoy the benefits of the Act must actually engage in some business or trade: Cleaver *v.* Scheetz, 20 P. F. Smith 496 ; Conley *v.* Bentley, 6 Norris 40. In this case the husband was actually living with the wife when the contract was made.and the complainant dealt with them as husband and wife, and not with the wife on the faith of the de-

[Ewing's Appeal.]

cree. Moreover there is no testimony to show that Mrs. Meloney ever engaged in any trade, business, or occupation and the contract of June 2nd 1881 was not made by her in the course of such trade for the purpose of making a livelihood.

This bill is simply an ejectment to try title, and should be dismissed, leaving the parties to the common law remedies: Long's appeal, 11 Norris 171; Messimer's appeal, Ibid. 168; Frankford Turnpike Co.'s appeal, 38 Leg. Int. 403; Weise's appeal, 22 P. F. S. 354; Miller *v.* Henlan, 1 P. F. S. 265; Freetly *v.* Barnhart, Ibid. 281; Washabaugh *v.* Stauffer, 32 P. F. S. 502; Mitchell *v.* Steinmetz, 1 Out. 254; Henderson *v.* Hays, 2 Watts 148; Graham *v.* Pancoast, 6 Casey 97.

*Joseph Hays,* for S. J. and Julia A. Meloney appellants, cited upon the last point, in addition to the above authorities: Meck's appeal, 1 Out. 316; Lynch's appeal, 1 Out. 349; Clark's appeal, 12 P. F. Smith 450.

*D. T. Watson,* for George S. Head, appellee.—The certificate of the court is conclusive evidence of the authority of a feme sole trader: Act 4 May 1855, § 4. A feme sole trader has power to convey her separate property by virtue of the Acts of Assembly: Wilson *v.* Coursin, 22 P. F. Smith 306; and equity will enforce the specific performance of her contract to convey: Dankel *v.* Hunter, 11 P. F. Smith 382. This is not an ejectment bill: Souder's Appeal, 7 P. F. Smith 498; Henderson *v.* Hays, 2 Watts 148; Kerr *v.* Day, 2 Harris 114.

Mr. Justice PAXSON delivered the opinion of the court, November 20th 1882.

This was a bill in equity to compel specific performance of a contract for the sale of certain real estate. It was resisted below and here principally upon two grounds, viz: 1. That appellants, Samuel Meloney and wife, had entered into a prior parol contract with Jas. A. Ewing, the other appellant, for a sale of the same premises to him, and, 2. That the agreement sought to be specifically enforced was not acknowledged as required by the Act of Assembly which prescribes the mode in which the separate real estate of a married woman shall be conveyed.

The learned Master has demolished the first proposition by his finding of the fact that no such prior parol contract existed. Numerous exceptions have been filed to the Master's findings upon this point, but there is ample evidence to sustain him. Indeed, I do not see how he could have found differently.

The case is therefore narrowed down to the single question whether the omission of Mrs. Meloney to acknowledge the agreement is sufficient to enable her now to repudiate it. Upon

[Commonwealth *ex rel.* Attorney General *v.* Callen.]

this point also the law is against her. It was one of the admitted facts in the cause that in the year 1874 Mrs. Meloney was upon her own application to the court of Common Pleas of Allegheny county, duly declared a feme sole trader, and that the said decree stands upon the records of said court in full force and unrevoked. The second section of the Act of 4th May 1855, P. L. 430, gives to feme sole traders ample power to convey their real estate, and in order that purchasers and others may safely deal with them the 4th section provides that the certificate of the court declaring her such trader shall be conclusive evidence of her authority until revoked by the court. It is very clear therefore that Mrs. Meloney had the power to enter into a binding contract for the sale of her real estate without her husband joining therein. That he did so join can make no difference. Indeed, it is at least a question whether his curtesy in the land would pass by a conveyance to which he was not a party. See Burson's Appeal, 10 Harris 164.

We do not regard the fact that Mrs. Meloney was living with her husband at the time of the contract as of any importance. Under the Act of 1855 a person dealing with a feme sole trader has no occasion to look beyond the certificate.

We need not discuss any of the minor questions involved. The appellants have nothing to stand upon.

The decree is affirmed and the appeal dismissed at the costs of the appellants.