# Prenatt *v.* Messenger Printing Company.

*Practice, Supreme Court—Assignments of error—Quoting action of court—Rule 39—Exceptions.*

1. Under the rules of the Supreme Court, an assignment of error is insufficient which simply avers, in the language of the pleader, that the court erred in this or that respect. An appeal is always from some definite action of the court below, such as a judgment, decree or final order, and the judgment, decree or order appealed from must always be set out in the assignments of error, in the very words of the court as they appear from the record.

2. An assignment reading, "the court erred in dismissing the first exception to its opinion, which exception was as follows," with a statement of the exception, should follow the form, "the court erred in dismissing the plaintiff's first exception, the exception and ruling thereon being as follows:" this to be followed by an exact copy of the exception and the precise transcript of the record showing the ruling of the court below, and, in compliance with Rule 39, the page where the matter referred to may be found in the paper book or appendix.

3. Where the court below in dismissing exceptions fails to make a separate ruling upon each one, but makes a general ruling, dismissing them all, this general ruling must be repeated in each assignment of error.

*Personal property—Sales—Lease—Receivership—Order of sale.*

4. Where it appeared that the receiver of an insolvent corporation was in possession of a certain printing press, as lessee, and there was evidence to show that the press had been purchased by the lessor, a trust company, and that the lease was not a mere fiction, given to secure the repayment of a loan, the court held that there was no error in the action of the lower court in refusing to order a sale of the property as belonging to the receiver.

Argued April 29, 1913.   Appeal, No. 108, Jan. T., 1913, by The American Type Founders' Company, The New First National Bank of Meadville, Pa., and A. G. Phillips, Creditors of Messenger Printing Company, from order of C. P. Crawford Co., Nov. T., 1910, No. 2, In Equity, refusing to order sale of certain property in hands of receiver, in case of Fred G. Prenatt v. The Mes-

senger Printing Company.    Before FELL, C. J., MESTRE-
ZAT, POTTER, ELKIN and MOSCHZISKER, JJ.    Affirmed.

Petition for order to sell property in hands of receiver
of insolvent corporation.    Before PRATHER, P. J.
The opinion of the Supreme Court states the facts.
The court refused the order.    Petitioners appealed.

*Error assigned,* among others, was the decree refusing
the order of sale.

*Magnus Pflaum,* for appellants.

*Frank J. Thomas,* with him *Albert L. Thomas,* for ap-
pellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 22, 1913:
The receiver of the defendant corporation, the Mes-
senger Printing Company, was ordered to convert its
assets into cash; certain of its creditors filed a petition
in the court below, subsequently joined in by the re-
ceiver, in which they averred that among these assets
the receiver had advertised "all the right of the Messen-
ger Printing Company, as lessee, in one Cox Duplex
Printing Press from the Crawford Trust Co., lessor";
that the "alleged lease is void as to the creditors of the
said Printing Company"; that the transaction between
the printing company and the trust company was merely
a loan of money by the latter to the former; that "the
title and possession of the said press was never in the
said trust company but that such title and possession
......have been and now are in the Messenger Printing
Company and were acquired by the latter company
......direct from E. A. Hempstead, the last prior owner
thereof."    The petitioners prayed that the receiver be
directed to sell the press as the property of the printing
company.    The trust company filed an answer in which
they denied the allegation of the petition and averred

that Hempstead, the then owner, had sold and transferred the printing press to one Andrews, who "for a good and valuable consideration, to wit, the sum of $5,000 and upwards, part of which was the advancement of a large sum of money to pay the purchase price of said printing press,......did assign all his right, title and interest in said press......to said Crawford County Trust Company; that.......said.......trust company did on or about June 30, 1909, make, execute and deliver a lease for said printing press to the Messenger Printing Company......" This return was demurred to by the petitioning creditors and the purchaser upon the ground that the trust company did not show a valid legal title to the printing press; and the demurrer ends with a prayer that the receiver be ordered to sell the press as the property of the Messenger Printing Company free of any claim of the trust company, "as lessor, bailor or otherwise soever." The court below overruled the demurrer and decreed that the printing press belonged to the trust company; and since the press had been sold by agreement of all the parties in interest, the court ordered that the buyer pay the purchase price to the trust company. Certain of the demurrants have taken this appeal.

The principal contention of the appellants is that the act of the trust company in acquiring title to the printing press was ultra vires. We are not at all convinced that this was made apparent; but even if it were, neither the printing company nor these appellants are in a position to raise that question. "The state and not a private party dealing with the company, may call the latter to account for exceeding its corporate powers": Mutual Trust Company v. Stern, 235 Pa. 202, 205. Furthermore, the fact that the trust company had unlawfully acquired the printing press, if true, would not transfer title thereto to its lessee, the printing company.

But these questions are really not before us, for all of the assignments of error are defective in that none

of them spreads upon the record a transcript of the rulings as to which complaint is made. In Witmer v. Bessemer & Lake Erie R. R. Co., 241 Pa. 112, our Brother ELKIN recently said, "Under our rules an assignment is insufficient which simply avers in the language of the pleader that the court erred in this or that respect. An appeal is always from some definite action of the court below, such as a judgment, decree or final order, and the judgment, decree or order appealed from must always be set out in the assignments of error." That is, set out in the very words of the court as they appear upon the record; otherise we simply have the appellant's version of what occurred, which is not sufficient. When the record is returned to the court below, the assignments of error are all that remain in this court; hence, each assignment must be self-sustaining, and to be this it must present an exact transcript of what occurred, not a mere statement of what the appellant believes occurred, even though an examination of the record may sustain his belief. For instance, in this case, the first assignment, instead of reading, "the court erred in dismissing the first exception to its opinion, which exception was as follows," with a statement of the exception, should have read something like this, "the court erred in dismissing the plaintiff's first exception; the exception and ruling thereon being as follows:" this to be followed by an exact copy of the exception and a precise transcript of the record showing the ruling of the court below; and in compliance with Rule 39 of this court, in the printed book "the pages must be stated where the matter referred to is to be found in the paper book or appendix." If the court below fails to make a separate ruling on each exception, then the general ruling covering all the exceptions must be repeated in each assignment of error (See Landis v. Evans, 113 Pa. 332, 335; Gibson v. Railroad Co., 226 Pa. 198, 201; Fowler Waste Mfg. Co. v. Gas Engine Works, 227 Pa. 314; Kaufman v. National Lumber Ins. Co., 231 Pa. 642; New

Cumberland Boro. v. Riverton Water Co., 232 Pa. 531, 539; Chisholm v. Thompson, 233 Pa. 181; Berg v. Butler Savings & Trust Co., 233 Pa. 469, 474; Merritt v. Poli, 236 Pa. 107, 173, and Fornof v. Wilkinsburg Boro., 238 Pa. 614).

It is so important that assignments of error shall be drawn correctly, and mistakes in this connection are so frequent, that we have elaborated upon the proper practice in relation thereto, in the hope that it will relieve us from such necessity in the future. We will not pass specifically upon the appellant's faulty assignments, but we will say that we are not convinced of error in the final adjudication of the real question submitted for decision; this case, however, is not to be cited as an approval of the manner in which that issue was brought before the court below for its determination.

The appeal is dismissed at the cost of the appellant.