## Hellwig's Estate.

*Husband and wife—Married women—Feme sole trader—Reconciliation
—Wife's will.*

A certificate as a feme sole trader under sec. 4 of the Act of May 4, 1855, P. L. 430, covering all the authority contained in sec. 2 of the act, as it relates to the will of a wife denying a husband any of her estate is overcome by a reconciliation, which has taken place some time

before death, in good faith. In such a case the husband is entitled to take against the will of the wife as though such certificate were not in existence.

Argued Oct. 26, 1914. Appeal, No. 1, Oct. T., 1914, by Salome E. Jones, Guardian of the Estate of Ruth and Mina Elliott, from decree of O. C. Potter Co., No. 448, dismissing exceptions to auditor's report in Estate of Hattie E. Hellwig, deceased. Before RICE, P. J., OR- LADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

*Error assigned* was decree of the court.

*Fred H. Ely* and *Byron F. Ely*, for appellant.

*W. K. Swetland*, for appellee.

OPINION BY KEPHART, J., February 24, 1915:

The controlling question in this case has been decided in the appeal of Sarah Travis, estate of Bridget Flana- gan, in an opinion handed down this same date, wherein we held that a certificate under sec. 4, Act of May 4, 1855, P. L. 430, covering all the authority contained in sec. 2 of this Act, as it relates to the will of a wife deny- ing a husband any of her estate, is overcome by a recon- ciliation, having taken place some time before death, in good faith, and that the husband is entitled to take against the will of the wife as though the certificate was not in existence. The appellant urges that there was not sufficient evidence to warrant the finding that there was a reconciliation. We have carefully read the testimony submitted and we are not convinced that the appellant's contention is correct. It is not necessary to summarize this testimony. The letters indicate that the wife had an undoubted affection for the husband. We are satisfied that the learned court committed no error when it found as a fact that a reconciliation took

place and that the husband lived with and supported his wife for some time prior to her death.

Assignments of error are overruled and the decree affirmed at the cost of the appellant.