# Browarsky's Estate.

*Practice, Supreme Court—Appeals—Assignments of error—Defective assignments.*

1. Assignments of error should set out the very words of the court as they appear upon the record; when stated merely in the language of the appellant they are defective. Assignments setting forth extracts from the opinion of the lower court but not showing that exceptions were taken to the portions of the opinion quoted are defective.

2. An assignment is defective which assigns for error the final decree of the court below dismissing exceptions to a decree but which fails to set out the exceptions which were dismissed.

*Courts—Decrees—Collateral attack—Feme sole trader—Conclusiveness of ceritificate issued by Common Pleas—Binding effect of decree—Drunkenness of husband—Continuance of family relations*

*—Decedents' estates—Husband's right of curtesy—Acts of February 22, 1718, 1 Sm. L. 99, and May 4, 1855, P. L. 430—Evidence.*

3. The judgment of every court on a subject within its jurisdiction is conclusive and binding on all other courts, except those only before which it comes by appeal, certiorari, or writ of error.

4. Where a married woman is declared a feme sole trader by decree of a Court of Common Pleas in proceedings under the Acts of February 22, 1718, 1 Sm. L. 99, and May 4, 1855, P. L. 430, the certificate issued to her in accordance with such decree is conclusive evidence of her authority to act as a feme sole trader until revoked by the authority from which it emanated, and another court has no power to make collateral inquiry into the ground upon which the certificate was issued.

5. In such a proceeding it is not necessary that desertion should be averred; a petition is sufficient which alleges that for four years the petitioner's husband had been indulging to excess in the use of intoxicating liquors, so as to unfit himself to conduct business, and to so impair his mind as to cause him to become involved in difficulties as a result of which he was undergoing a sentence of a year and six months in the county jail.

6. In such case the use of the word "drunkenness" in the petition is not essential where the positive effect of the use of liquor to excess is clearly averred.

7. A feme sole trader certificate held by a wife will bar her husband from any right of curtesy in the wife's estate, although family relations have been maintained, where the court's decree upon which such certificate was issued was based on the ground of the drunkenness of the husband, and failure to support.

8. Where a married woman was duly declared a feme sole trader and predeceased her husband, who elected to take against her will, but who did not receive any of the income of her real estate which he claimed as tenant by the curtesy, his administrator could not be surcharged for failing to collect such income, as the husband in his lifetime was not entitled thereto.

Argued Oct. 19, 1915. Appeal, No. 216, Oct. T., 1915, by Benjamin Pearlman, from decree of O. C. Allegheny Co., May T., 1914, No. 92, dismissing exceptions to decree of distribution in Estate of Hyman Browarsky. Before MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to decree of distribution of a decedent's estate. Before TRIMBLE, J.

The facts appear by the opinion of the Supreme Court.

The court surcharged the administrator, Benjamin Pearlman, in the sum of $5,448.26. The administrator appealed.

*Error assigned,* among others, was the decree of the court.

*S. S. Robertson,* with him *M. L. Avner,* for appellant.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

This is an appeal by the administrator of the estate of Hyman Browarsky, deceased, from a decree of the Orphans' Court of Allegheny County, in which he was surcharged in the sum of $5,448.26, that being the amount of certain rents, issues and profits which it was held was due to Hyman Browarsky in his lifetime, as tenant by the curtesy of his·wife's estate, and which in the opinion of the court below, should have been collected by the administrator. It appears from the record that on March 19, 1911, Yetta Browarsky, wife of the said Hyman Browarsky died seized of certain real estate in Allegheny County. She left a will in which she recited the fact that she was a feme sole trader, having been appointed as such, under proceedings in the Court of Common Pleas No. 1 of Allegheny County, at No. 616, March Term, 1891. In her will she made provision for the care of her husband, Hyman Browarsky, during the term of his natural life, directing the payment for that purpose of the sum of $50.00 per month. The husband survived the wife about two years, and it is alleged that he refused to accept the provision made for him in the will of his wife and claimed an estate by the curtesy

in her property. The husband died, however, on February 21, 1913, without having obtained any of the rents, issues or profits to which he laid claim as tenant by the curtesy. His administrator, the appellant here, filed a first and final account, to which exceptions were filed by creditors, first upon the ground that the accountant had not charged himself with the sum of $1,200.00 due the decedent at the date of his death, under the terms of his wife's will. Afterwards other exceptions were filed alleging that accountant had failed to charge himself with the rents, issues and profits due decedent under his election to take as tenant by the curtesy, and against the will of his wife. Of course, these positions taken by exceptants were inconsistent, and the former exceptions seem to have been abandoned. But the latter were pressed, and were sustained by the court, and it is of that action, that appellant complains.

The assignments of error are nearly all defective. In those from the first to the eighth inclusive, and also in the eleventh and twelfth, it is alleged that the court below erred in doing, or not doing, certain things, which are all stated in general language, and in none of them is there set forth any order or decree of the court, which is alleged to be erroneous. The assignments should set out the very words of the court as they appear upon the record, and should not be stated in the language of appellant. Attention has frequently been called to this fault: Prenatt v. Messenger Printing Co., 241 Pa. 267; Scull's Est., 249 Pa. 57. The ninth and tenth assignments of error are also defective, in that, while they allege error in certain extracts from the opinion of the court below, they do not show that any exceptions were taken to the portions of the opinion quoted. The thirteenth assignment is also defective, in that, while it assigns for error the final decree of the court below, dismissing exceptions to the decree of the auditing judge, it fails to set out the exceptions which were dismissed. There can be no reasonable excuse for failure to frame

assignments of error properly since the express directions given by our Brother MOSCHZISKER in Prenatt v. Messenger Printing Co., 241 Pa. 267, (270).

The thirteenth assignment does, however, set out the final decree, and as it is defective only in failing to set out the exceptions which were dismissed, we feel constrained to pass over the defect, and will consider, upon their merits, the questions raised by this assignment. In reaching the conclusion that accountant should be surcharged with the net rents, issues and profits of the estate of Yetta Browarsky from the date of her death until the death of her husband, the court below assumed that the husband was clearly entitled to claim as tenant by the curtesy, and gave no effect whatever to the certificate of the Court of Common Pleas, authorizing Yetta Browarsky to transact business as a feme sole trader. Section 4 of the Act of May 4, 1855, P. L. 430, provides that upon the court being "satisfied of the justice and propriety of the application," it may, after notice, make a decree and grant to a petitioner for the benefits of the act, a certificate that she shall be authorized to act as a feme sole trader; "and such certificate shall be conclusive evidence of her authority until revoked by such court." In the present case a duly authenticated copy of a certificate, issued by the Court of Common Pleas No. 1 of Allegheny County, to Yetta Browarsky under the provisions of this act of assembly, was offered in evidence. It appears from the opinion of the court below that all of the original papers in the proceeding have been lost. But there had been placed on record in the recorder's office a complete copy of the feme sole trader proceedings, which was properly accepted by the court below as secondary evidence of the contents of the original. From that record it appears that the certificate was in proper form, was signed by the prothonotary, and was issued under the seal of the court. It sets forth that on February 7, 1891, the court being satisfied of the justice of the application, doth order and decree that

Yetta Browarsky shall have all rights and privileges secured to feme sole traders under the Act of February 22, 1718, and that she shall be authorized to act and have the power to transact business, as a "feme sole trader," as provided by the Act of May 4, 1855. Under the provisions of the second section of the latter act, there was conferred upon the wife the right of free and absolute disposal of her property during her life, or by will without any liability to be interfered with by her husband, and in case of her intestacy the property was to go to her next of kin as if her husband were previously dead. There was no evidence that this certificate has ever been revoked. In the words of the act, therefore, this certificate must be regarded as conclusive of the authority of Yetta Browarsky to act as a feme sole trader, and of her right to dispose of her property by will without being interfered with by her husband, and without any right upon his part to claim as tenant by the curtesy of her estate. The decision of this court in Moninger v. Ritner, 104 Pa. 298, expressly sustains this view. In that case a husband claimed as tenant by the curtesy of real estate which had been conveyed by his wife without his joinder, she having been declared a feme sole trader under the Act of 1855. Mr. Justice GORDON there said (p. 301) : "The certificate issued to her by the Common Pleas, is, by the sixth (fourth) section of the act above recited, made conclusive evidence, and so continues to be until it is revoked by the authority from which it emanated." To the same effect is Ewing's App., 101 Pa. 371. The auditing judge undertook to distinguish the case of Moninger v. Ritner from the present one by comparing the respective petitions, and in the case at bar he did not regard the averments as sufficient to give the Court of Common Pleas jurisdiction to make the decree authorized by the Act of 1855. But as that act makes the certificate of the Common Pleas Court "conclusive evidence" of the wife's authority to act as a feme sole trader, so long as it remains unrevoked by the

court which issued it, we can see nothing to justify another court in making collateral inquiry into the ground upon which the certificate was issued. Under the Act of 1855, the Court of Common Pleas had jurisdiction over the subject matter, and its decree and the certificate issued by virtue of the power in the act, and expressly made conclusive evidence, is not to be questioned by another court in a collateral proceeding. It would hardly seem necessary to cite authority to this effect, but in McDonald v. Simcox, 98 Pa. 619, Mr. Justice MERCUR said (p. 623) : "The judgment of every court pronounced on a subject within its jurisdiction is conclusive and binding on all other courts, except those only before which it comes by appeal, certiorari or writ of error." Other prior decisions to the same effect are there cited. In Metzger's Est., 242 Pa. 69, we said (p. 79) : "It is the settled law of this State that in the absence of fraud or collusion a judgment or decree of a court of competent jurisdiction, valid and regular on its face, in force and unreversed, cannot be impeached by the parties or privies thereto or by a stranger in a collateral proceeding in the same or another court." Aside from this principle, our examination of the petition of Mrs. Browarsky as recorded in the office of the recorder of deeds, leads us to the conclusion that the auditing judge was mistaken in his view that it did not set forth the facts necessary to give the court jurisdiction to declare the petitioner a feme sole trader, and to grant her a certificate as such. There is some discussion in the opinion of the auditing judge and in the argument of counsel, as to whether the copy of the record from the recorder's office, was admissible in evidence, the original papers being lost and the docket entries incomplete. But counsel for appellee put the record in evidence, and counsel for appellant now concede that it was properly admitted. Further discussion of that point is, therefore, unnecessary.

In Section 2 of the Act of 1855, it is provided that when a husband "from drunkenness, profligacy or other cause, shall neglect or refuse to provide for his wife, or shall desert her, she shall have all the rights and privileges secured to a feme sole trader." And in Section 4, provision is made, for the filing by a married woman of a petition setting forth the facts, which authorize her to act, which being sustained by the testimony of at least two respectable witnesses, and the court being satisfied of the justice and propriety of the application, it may make a decree and grant her a certificate. It is not necessary that desertion should be averred, as neglect or refusal to provide for the wife, is sufficient to authorize a decree. See Orrell v. Van Gorder & Shepard, 96 Pa. 180. Reference to the petition in this case, shows that it is alleged that for four years, the petitioner's husband had been indulging to excess in the use of intoxicating liquors, so as to unfit himself to conduct business, and that on account of the use of liquor to excess, his mind had become impaired and he was suffering from softening of the brain, and that owing to his bad habits he had become involved in trouble with different persons, as a result of which he was undergoing a sentence of a year and six months in the county jail. While the word "drunkenness" is not used in the petition, yet the positive effect of the use of liquor to excess is clearly averred. The essence of drunkenness lies in the excessive use of intoxicating liquors. It is also averred in the petition that, owing to excessive indulgence in liquor, the husband was unable to conduct his business for the support of his wife and family, and that he had no income whereby they could be supported, and that, therefore, she was "obliged under the circumstances to engage in business for the purpose of earning a support for herself and family." It is not necessary to be sharply critical of the petition, and we are satisfied that the averments, which it contained, as to neglect or refusal of the husband to provide for his wife, were ample to sustain a finding to that

effect, especially when taken in connection with the fact that the husband was at the time serving a sentence in the county jail. In addition there was attached to the petition, the affidavit of three respectable witnesses that the petitioner's husband had been incapacitated from transacting business by the excessive use of intoxicating liquors; that he was serving a prison sentence; that he could in no way furnish his wife or family with a livelihood, and that they were informed that he had contributed nothing to their support since July 9, 1890, six months before the petition was filed. In view of the facts set forth, we do not understand why there should have been any difficulty in concluding that the averments in the petition were sufficient to give the court jurisdiction. In the opinion of the court in banc dismissing appellant's exceptions, it is said: "Even if the regularity of the proceeding in the Common Pleas is assumed or cannot be collaterally attacked, the maintenance of the family relationship between the husband and wife after the date of the alleged decree shows that there was a reconciliation between them, which is sufficient to overcome the bar of feme sole certificate when regularly issued." This ground for sustaining the surcharge of accountant with the value of decedent's right as tenant by the curtesy of his wife's estate, does not seem to have been considered at the hearing before the auditing judge. The inference of a reconciliation was drawn by the court from the ages of two minor children, which indicate that the family relation must have existed after the wife was decreed to be a feme sole trader. The decree was not, however, based upon an allegation of desertion, but upon the excessive use of liquor, amounting to drunkenness, and the consequent neglect of the wife and family, and failure to support. This did not necessarily prevent the continuance of the family relation. Drunken and worthless though the husband may have been, yet the wife was not by reason of the decree obliged to cut him off from all ministration. She could

supply his needs, if she saw fit to do so, without imperiling her rights. There was no evidence that the husband ever provided for his wife and family, or even contributed to their support, after the certificate was granted. If he did live with his wife, after his release from prison, but failed to support or provide for her, this would in no way overcome the effect of the decree. It does not appear that he ever made any attempt, in the lifetime of his wife, to have the decree revoked in the proper court.

In support of the view that the maintenance of the family relation between the husband and wife overcame the bar of the feme sole certificate, the court below cites and relies upon two cases: Flanagan's Est., 59 Pa. Superior Ct. 61, and Hellwig's Est., 59 Pa. Superior Ct. 233. In those cases, the decree was based both on the ground of failure to support, and of desertion. In Flanagan's Est., the wife had brought proceedings against her husband in the desertion court, where an order was made against him. There was also evidence showing "that he had, at the wife's invitation, subsequently become reconciled to her and had lived with and supported her some sixteen months before her death and up and until a few days before her death." In Hellwig's Est., 59 Pa. Superior Ct. 233, the Orphans' Court (p. 234) "found as a fact that a reconciliation took place and that the husband lived with and supported his wife for some time prior to her death." In the case at bar desertion was not alleged, and as we have already pointed out, there was no evidence that the husband supported his wife, at any time after she obtained her certificate as a feme sole trader.

The decree of the Orphans' Court in distribution is reversed, as is its order surcharging the accountant for failure to collect rents, &c., under a claim of the decedent, Hyman Browarsky, as tenant by the curtesy of his wife's estate. The costs of this appeal to be borne by the appellee.