## Hollinger's Estate (No. 2).

*Decedents' estates—Election to take against will—Share of husband—Lapsed legacies.*

1. Testatrix left no children and all the legacies provided for in her will save one had lapsed by reason of the deaths of the respective legatees prior to that of testatrix. The husband of testatrix elected to take against her will. He was awarded the $5,000 exemption allowed by the act of assembly. The balance for distribution, consisting of personalty, was awarded one-half to appellant and the remainder after deducting the one unlapsed legacy to decedent's next of kin according to the intestate law. The husband filed exceptions contending that he was entitled to the entire personal estate represented by the lapsed legacies. The auditing judge dismissed the exceptions. *Held,* no error.

*Practice, Supreme Court—Assignments of error to exceptions to adjudication—Failure to quote decree.*

2. Assignments of error to exceptions to adjudication in the Orphans' Court are not in proper form which quote the exceptions but not the ruling of the court thereon.

Argued May 14, 1917. Appeal, No. 8, Jan. T., 1917, by Martin B. Hollinger, from decree of O. C. Lancaster Co., March T., 1916, No. 24, dismissing exceptions to adjudication in Estate of Susan L. Hollinger, deceased. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.
The opinion of the Supreme Court states the case.
The court dismissed exceptions filed by Martin B. Hollinger to adjudication. Martin B. Hollinger appealed.

*Errors assigned* were in dismissing exceptions to ad-

judication, each assignment quoting an exception but not the decree of the court.

*B. F. Davis,* for appellant.

*William N. Appel,* of *Appel & Appel,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, June 30, 1917:

This is an appeal by Martin B. Hollinger from a decree of the Orphans' Court of Lancaster County directing distribution of the estate of his late wife, Susan L. Hollinger, deceased.

When the account of the administrator c. t. a, was called for audit, it appeared that Mrs. Hollinger left no children and that all the legacies provided for in her will, save one of $1,000, in favor of John Brubaker, had lapsed, by reason of the deaths of the respective legatees previous to that of the testatrix. Mr. Hollinger claimed $5,000, under the Act of April 1, 1909, P. L. 87, which was allowed him by the court below. The net balance for distribution, consisting entirely of personalty, was awarded, one-half to appellant, and the remainder, after deducting the $1,000 legacy, to decedent's next of kin according to the intestate law. Appellant complains of this latter award, contending that he is entitled to the entire personal estate represented by the lapsed legacies, less certain deductions for debts and expenses.

The following excerpt from the opinion of the learned President Judge of the court below so fully and correctly disposes of the points involved, we need add nothing thereto: "Susan L. Hollinger made her will, and, with the exception of John Brubaker, lived longer than the legatees named in it, who were not in a class protected against the lapsing of legacies; therefore, the testatrix died intestate as to nearly all of her estate. As the whole of it is personalty and there was no issue, all of it [would have] descended to her husband, Martin B. Hollinger, save [that portion of the estate represented

by the amount of] the bequest to John Brubaker, had he [the husband] done nothing......; but he chose to elect to take against her will and thereby reduced his interest to the same as would have been hers had she survived him and elected to take against his will; and no less was awarded him by the decree to which he has taken exception.  In the light of Lee's App., 124 Pa. 74, it would be a work of supererogation to offer anything in support of the legality of the award; therefore, the exceptions in behalf of Martin B. Hollinger are dismissed."

We see no merit in any of the assignments of error, and, furthermore, none of them is in proper form (Prenatt v. Messenger Printing Co., 241 Pa. 267, 270; Browarsky's Est., 252 Pa. 35, 38); they are all dismissed.

The decree is affirmed.