# Hunt v. Snyder, Appellant.

*Judgments—Foreign judgments—Res adjudicata—Jurisdiction —Evidence—Husband and wife—Necessaries — Desertion — Support.*

1. The general rule is that a judgment of a court of competent jurisdiction is final and conclusive and must be given full faith and credit in other jurisdictions as to all matters in controversy, or which with proper diligence might have been interposed as a defense in the original action; such judgment, however, is conclusive only in so far as responsive to the pleadings; and in an action brought thereon in another state, evidence may be offered to show that the subject-matter involved was not included in the proceeding in the foreign jurisdiction, or that the court which rendered the judgment was without jurisdiction of the cause of action or of the party.

2. In a, suit on a judgment obtained in New York, in an action instituted by a wife to recover the cost of necessaries purchased by her for herself and children and paid for out of her earnings, it appeared from the affidavit of defense that, in the action on which the judgment was entered, defendant had alleged that his wife had caused his arrest in Schuylkill County, Pa., for desertion and nonsupport, and that the court, after hearing, had made an order on defendant for the payment of $20 per month, but had subsequently revoked its order, that the case was tried before a jury and a verdict for plaintiff was rendered upon which the judgment on which the action was brought was entered. The lower court entered judgment for plaintiff for want of a sufficient affidavit of defense. *Held,* that while the judgment of the court of Schuylkill County in revoking its earlier order was conclusive of the right of the wife to support in desertion proceedings at that time, it was not conclusive of her right at a different time upon a different state of facts to support, or conclusive of her right to recover in an action of assumpsit for money paid for necessaries; and that as the previous judgment of the Court of Quarter Sessions of Schuylkill County had been interposed as a defense to the proceedings in New York

and determined adversely to the defendant, that judgment was conclusive of the defendant's right to interpose such defense to an action on the judgment, and the judgment for want of a sufficient affidavit of defense was affirmed.

Argued Feb. 18, 1918.    Appeal, No. 261, Jan. T., 1917, by defendant, from judgment of C. P. Schuylkill Co., March T., 1917, No. 249, for plaintiff, for want of a sufficient affidavit of defense, in case of William L. Hunt, use-plaintiff, v. William Snyder.    Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Assumpsit on a judgment recovered against defendant in the Supreme Court of Niagara County, New York.

Rule for judgment for want of a sufficient affidavit of defense.    Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff for want of a sufficient affidavit of defense.    Defendant appealed.

*Error assigned* was in entering judgment for plaintiff for want of a sufficient affidavit of defense.

*James B. Reilly,* with him *M. M. Burke* and *C. A. Whitehouse,* for appellant.

*J. O. Ulrich,* for appellee.

OPINION BY MR. JUSTICE FRAZER, May 6, 1918:

Defendant appeals from a judgment entered in favor of plaintiff for want of a sufficient affidavit of defense in an action on a judgment obtained in the Supreme Court of Niagara County, New York.

The action on which the foreign judgment was secured was instituted by defendant's wife to recover the cost of necessaries she alleged were purchased by her for herself and two children and paid for out of her earnings.    The answer averred plaintiff deserted defendant and, on February 1, 1912, caused his arrest in Schuylkill

County, Pennsylvania, on a charge of desertion and non-support and that the court of that county, after hearing, found plaintiff was not entitled to support and main-tenance because of misconduct and dismissed her com-plaint.   The case was tried before a jury and a verdict for $3,170 and costs rendered in favor of plaintiff, on which judgment was entered and subsequently assigned to William L. Hunt, the use-plaintiff.

Defendant contends the judgment obtained in New York is not conclusive because that court was with-out jurisdiction as the rights of the parties were deter-mined by the courts of Pennsylvania previous to the in-stitution of the New York action.   In the desertion pro-ceeding in Schuylkill County the court made an order directing defendant to pay for the support of his wife the sum of $20 a month.   This order, however, was revoked in 1914.   In the meantime the sum of $330 had been paid the wife under the order, for which sum an allow-ance was made against plaintiff's claim.   The affidavit of defense in the present case recited the proceeding in Schuylkill County, the making of the order for payment of $20 a month and its subsequent revocation and averred the action of the court was conclusive of the rights of the parties, and, consequently, the New York courts were without jurisdiction of the matter in controversy.   On the other hand, plaintiff relies upon the New York judg-ment as being conclusive of the matters adjudicated in that jurisdiction.

The general rule is that a judgment of a court of com-petent jurisdiction is final and conclusive and must be given full faith and credit in other jurisdictions as to all matters in controversy, or which with proper diligence might have been interposed as a defense in the original action: Marsh v. Pier, 4 Rawle 273; Bell v. Allegheny County, 184 Pa. 296; Stilwell v. Smith, 219 Pa. 36; Browarsky's Est., 252 Pa. 35, 41.   It is also equally well settled that a judgment is conclusive only in so far as responsive to the pleadings, and, consequently, in an ac-

tion brought on a judgment of another state evidence may be offered to show the subject-matter involved was not included in the proceeding in the foreign jurisdiction, or that the latter court was without jurisdiction of the cause of action or of the party: Reynolds v. Stockton, 140 U. S. 254; Thormann v. Frame, 176 U. S. 350; Price v. Schaeffer, 161 Pa. 530, and cases cited.

In applying these principles it will be noted the judgment of the New York court was not obtained in a proceeding for desertion, but the action was to recover money paid by the wife for necessaries for herself and children in the State of New York, and included a period of time subsequent to the final order in the desertion proceedings in Pennsylvania. The wife resided in the State of New York and the summons was duly served on defendant in that state. The New York courts, accordingly, had jurisdiction of the parties and of the subject-matter and, as shown by the answer filed, the defense now interposed was likewise set up as a defense in that action. So far as the record sets forth, the proceeding in the New York case involved the defense now set up. The judgment of the court of Schuylkill County in revoking its earlier order of support was conclusive as to the right of the wife to support in desertion proceedings at that particular time, but would not necessarily be conclusive as to a subsequent time on a different state of facts, or in an action of assumpsit to recover money paid by the wife for necessaries. The previous judgment of the Court of Quarter Sessions of Schuylkill County as a matter of defense in the proceeding in the New York court was passed upon and determined by that court and from its decision no appeal was taken. Its judgment must, therefore, be considered conclusive in the present action.

The judgment is affirmed.