## Tomlinson et al. v. Sacks et al.

*Ralph N. Kellam,* for plaintiffs; *Thomas B. Hall,* for defendants.

SMITH, P. J., June 4, 1931.—The plaintiffs having secured a judgment against the defendants in the State of New Jersey, said judgment, entered upon a bond and warrant of attorney, was brought into the State of Pennsylvania on an exemplification of the record of the judgment.

The defendants filed an affidavit of defense, admitting that there was a judgment of record against them in New Jersey, and that said judgment has not been annulled, reversed or satisfied, but averring that the judgment was entered on a bond and warrant of attorney for which no consideration was given to the defendants, or any of them, and that the execution and delivery of said bond and warrant of attorney, with the mortgage accompanying the same, were obtained under duress, fully setting forth in the affidavit the circumstances which they claim was coercion or duress.

This action being brought upon an exemplification of a record of a judgment from another state, which was unsatisfied, this court, under the provisions of the Constitution of the United States, must give the record full faith and credit; and unless there is that in the case which takes it out of the general rule, the plaintiffs would be entitled to judgment here on the record, and in that case the rule would be made absolute.

However, the defense here set up is one that would avail the defendants in this state, if believed by a jury; and, inasmuch as the judgment entered in the State of New Jersey was on a bond, without any notice to defendants, and without their having been brought into court by process, we believe a clear distinction can be made between the case at issue and one in which the defendant has been sued in another state but has had ample opportunity to defend on the merits.

Plaintiffs' counsel has cited several authorities in support of the rule, and perhaps the leading case which he emphasizes is that of Hunt *v.* Snyder, 261 Pa. 257, wherein Mr. Justice Frazer said (at page 259) : "The general rule is that a judgment of a court of competent jurisdiction is final and conclusive and must be given full faith and credit in other jurisdictions as to all matters in controversy, or which with proper diligence might have been interposed as a defense in the original action: Marsh *v.* Pier, 4 Rawle, 273; Bell *v.* Allegheny County, 184 Pa. 296; Stilwell *v.* Smith, 219 Pa. 36; Browarsky's Est., 252 Pa. 35, 41. It is also equally well settled that a judgment is conclusive only in so far as responsive to the pleadings, and, consequently, in an action brought on a judgment of another state evidence may be offered to show the subject-matter involved was not included in the proceeding in the foreign jurisdiction, or that the latter court was without jurisdiction of the cause of action or of the party: Reynolds *v.* Stockton, 140 U. S. 254; Thormann *v.* Frame, 176 U. S. 350; Price *v.* Schaeffer, 161 Pa. 530, and cases cited."

However, none of the cases cited by counsel for plaintiffs go to the extent of holding that a judgment obtained by duress or imposition and without consideration may not be attacked or defended in the state where it is brought on an exemplification of such record, for the very evident reason that such a judgment is void. It must be conceded that a judgment entered on a forged note is absolutely void, and if one were to forge a note against another and enter it in the State of New Jersey, and then bring an exemplification of that record into the State of Pennsylvania, and bring suit upon it, it would certainly be imposing too much of a burden on the man whose name had been forged to hold that he should go to New Jersey and make application there to have the note stricken from the record by reason of the forgery before he could defend in an action in Pennsylvania.

We do not believe that any such strained construction was ever intended to be given to the "full faith and credit" provision contained in the Constitution of the United States; and we think the same rule might well apply in a case where a judgment has been entered upon a bond which has been secured by imposition or fraud and which was without consideration.

It is held in the case of Rogers v. Porter, 37 N. B. (Can.) 235, that a judgment entered on a confession obtained by fraud may be collaterally attacked, and Van Fleet on Collateral Attack, § 658, laid down the law as follows: "Where a judgment is entered on a cognovit, and an action is brought upon the judgment in another state, it is a defense that the claim had no consideration and that the cognovit was procured by duress."

Again, the general rule as laid down in 34 C. J. 566 seems to be in keeping with the above-quoted cases.

In the case of Cole v. Cunningham, 133 U. S. 107, 112, 113, Mr. Justice Fuller, in discussing the effect of the full faith and credit clause of the Federal Constitution, said: "This does not prevent an inquiry into the jurisdiction of the court, in which a judgment is rendered, to pronounce the judgment, nor into the right of the State to exercise authority over the parties or the subject matter, nor whether the judgment is founded in, and impeachable for, a manifest fraud. . . .

"These well-settled principles find pertinent illustration in the decisions of the highest tribunal of the State of New York, to one of which we refer, as the contention is that the decree under review was in some way an unconstitutional invasion of the jurisdiction of that State.

"In Dobson v. Pearce, 12 N. Y. (2 Kernan) 156, the plaintiff in a judgment, recovered in New York, brought an action upon it in the Superior Court of Connecticut, whereupon the defendant in the judgment filed a bill against the plaintiff on the equity side of the same court, alleging that the judgment was procured by fraud, and praying relief. The plaintiff in the judgment appeared in and litigated the equity suit, and the court adjudged that the allegations of fraud in obtaining the judgment were true, and enjoined him from prosecuting an action upon it. He assigned the judgment, and it was held in a suit in New York, brought thereon by the assignee, that a duly authenticated copy of the record of the decree in the Connecticut Court was conclusive evidence that the judgment was obtained by fraud.

"The Court of Appeals held that while a judgment rendered by a court of competent jurisdiction could not be impeached collaterally for error or irregularity, yet it could be attacked upon the ground of want of jurisdiction, or of fraud or imposition; . . ."

The record we have before us in this case does not disclose that the defendants ever had an opportunity to appear and defend in the suit in New Jersey, and judgment having been entered against them without any notice upon a

bond which they allege was procured through fraud or coercion, or without consideration, we believe it would be manifestly unfair to order that judgment be entered against them here, without giving them an opportunity to be heard. On the merits of the case, further, we do not believe the burden should be imposed upon them to go into a foreign state and make application to have the judgment opened. Therefore, the rule must be discharged.

And now, June 4, 1931, the rule of plaintiffs for judgment for want of a sufficient affidavit of defense is discharged.