Byers *v.* Byers, Appellant.

| 208 | 23 |
| f217 | ¹327 |
| 208 | 23 |
| f 34 SC | ¹ 97 |
| 208 | 23 |
| f220 | ¹369 |
| 208 | 23 |
| 137SC | ¹ 43 |

*Equity—Equity practice—Findings of fact—Appeal—Review.*

The findings of fact of a judge of the court of common pleas sitting as a chancellor, based upon sufficient evidence will not be reversed by the Supreme Court, except for manifest error.

*Equity—Equity practice—Service of process—Nonresident defendant—Conditional appearance—Trial on merits.*

Where a nonresident defendant in an equity suit who is not served with process in the manner provided by the act of April 6, 1859, enters a conditional appearance to test the jurisdiction of the court, he must confine himself in his pleadings strictly to this issue; if, in addition to his plea to the jurisdiction, he sets up a defense on the merits he submits himself to the jurisdiction of the court, and must abide by its judgment on both issues. He will not be permitted to avail himself of an opportunity to obtain a favorable decision on the merits and, at the same time, contest the authority of the court to hear the cause.

Argued Nov. 9, 1903. Appeal, No. 174, Oct. T., 1903, by defendants, from decree of C. P. No. 2, Allegheny County, Oct. T., 1902, No. 388, on bill in equity in case of Jacob Byers *v.* William S. Byers and William R. Byers. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction, discovery and an account. Before RODGERS, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* amongst others was the decree of the court.

*John P. Hunter*, with him *Sol. Schoyer, Jr., D. S. Atkinson, W. C. Peoples* and *John B. Keenan*, for appellants.—The court below did not acquire jurisdiction of the subject-matters of controversy : Coleman's App., 75 Pa. 441 ; Gilmore v. Carnahan, 81* Pa. 217 ; Orcutt's App., 97 Pa. 179 ; Coleman's Est., 159 Pa. 231 ; Clad v. Paist, 181 Pa. 148 ; Jennings Bros. & Co. v. Beale, 158 Pa. 283.

*J. S. Moorhead* and *J. B. Head*, with them *James S. Beacom, David C. Newill, Reed, Smith, Shaw & Beal* and *C. E. Heller*,

for appellee.—The findings of fact are conclusive: Stocker v. Hutter, 134 Pa. 19 ; Brotherton Bros. v. Reynolds, 164 Pa. 134; Com. ex rel. v. Stevens, 178 Pa. 543 ; Wolf v. Augustine, 197 Pa. 367.

Defendant submitted herself to the jurisdiction: Lycoming Fire Ins. Co. v. Storrs, 97 Pa. 354.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1904 :

This was a bill filed against William S. Byers and the Fidelity Title & Trust Company of Pittsburg in the court of common pleas, No. 2, of Allegheny county, to compel the surrender to the plaintiff of 175 bonds of the par value of $1,000 each of the Mount Pleasant Coke Company and to compel the defendants to pay to the plaintiff $40,000 in cash or to deliver to him the securities into which the money may have been converted. The bill averred that the bonds had been entrusted to the defendant Byers for safe-keeping and were to be returned on demand to the plaintiff, and that the money was to be invested and the securities were to be delivered to the plaintiff. These bonds and securities, it was alleged, had been deposited, and were in a private box of the trust company in the city of Pittsburg. On the filing of the bill an injunction was granted restraining the defendants from opening the safe deposit box and from taking or permitting to be taken therefrom the bonds, cash, securities or other contents of the box. The decree awarding the injunction recited that Byers was a resident of Westmoreland county, and it appeared by the sheriff's return that the injunction was served on him in that county " by handing him a true and attested copy and with copy of bill of complaint thereof to him personally." Byers entered an appearance de bene esse. He moved the court to vacate the order authorizing personal service of the bill to be made on him in Westmoreland county and to set aside the service, but the motion was denied. He then filed a demurrer and plea to the bill; but the demurrer was overruled and the plea was struck off and he was directed to answer. The trust company filed an answer from which it appears that Byers was the lessee of one of the safe boxes located in its safe deposit vault, that he alone had access to the box and that the respondent had no knowledge of its contents. In obedience

to the order of the court, Byers filed an answer in which, after reserving "all exceptions heretofore filed in this cause as to the order of service, manner of service, and return of service," he set up various defenses to the plaintiff's bill. He denied that the bonds had been delivered to him for safe-keeping or for any other purpose or were to be returned to the plaintiff ; that any money passed into his hands from the plaintiff for investment in securities or for any purpose whatever for the plaintiff, or "that any bonds, cash or other securities belonging to the plaintiff are now or have at any time been secreted or hidden away from said plaintiff by said defendant, as averred in said bill." The answer then admits that respondent has in his possession the bonds, the money representing the matured coupons cut therefrom, and $40,000 or the securities in which it had been invested, but avers that "he received them from one William R. Byers of East Huntington township, Westmoreland county, to hold for him, subject to his direction and control," and that the said William R. Byers was the owner at the time of such deposit and still remains the owner of the money and the bonds. Subsequently William R. Byers was, on his own application and by permission of the court, allowed to intervene as a defendant and file an answer. He reserved the benefit of the exceptions to the service filed by William S. Byers, denied the jurisdiction of the court and further denied that the plaintiff was the owner of the money and the bonds with their coupons set forth in the bill, and averred that said bonds and coupons had been presented to him by plaintiff as a gift, "to have and to hold as the property of this respondent." On the issue thus raised the learned trial judge found in favor of the plaintiff and entered a decree that William S. Byers and William R. Byers surrender and deliver to the plaintiff the bonds and other securities named in the bill and account to him for the residue of the $40,000 not converted into securities. From this decree we now have this appeal.

On the vital question in the case, the ownership of the property in controversy, the trial judge, sitting as a chancellor, after a full consideration of the voluminous testimony presented for his consideration has found against the claim of the appellants and in favor of the appellee. To justify us in reversing the finding of a chancellor on a question of fact, as we

have often said, clear and plain error must be pointed out.  It is not sufficient that our conclusion would be different on the testimony brought up on the record.  If the finding is warranted by evidence and is not clearly erroneous, we will not disturb it.  Here the credibility of the witnesses is of more than usual importance in ascertaining the facts and, for obvious reasons, the trial judge was in a better position to determine it than we are.  After an examination of the testimony, we see no sufficient reason for interfering with the finding that the plaintiff is the owner of the property in dispute.

It is contended by the appellants that the court below was without authority to hear and determine the cause inasmuch as it had jurisdiction neither of the subject-matter nor of the persons of the defendants.  It is conceded that the appellants have never been residents of Allegheny county, and it is claimed by them that the provisions of the act of April 6, 1859, providing for service of process on nonresident defendants in certain cases in equity, were not complied with, and some of the members of this court including the writer incline to that opinion.  But we need not and do not decide the question, as we are clearly of the opinion that the appellants are now precluded from raising it by the answers they filed in the case.

The defendant may attack the jurisdiction of the court which has summoned him to appear before it; and if he does so successfully, that relieves him from a contest in that court on the merits of the controversy.  For this purpose, it is the usual practice to enter a conditional appearance.  The case is then proceeded with until the question of jurisdiction is disposed of.  But the defendant must confine himself in his pleadings strictly to this issue: Jeannette Borough v. Roehme, 197 Pa. 230.  If he, in addition to his plea to the jurisdiction, set up a defense on the merits of the cause, he submits himself to the jurisdiction of the court and must abide by its judgment on both issues.  He will not be permitted to avail himself of an opportunity to obtain a favorable decision on the merits and, at the same time, contest the authority of the court to hear the cause.  The filing of a plea averring a meritorious defense is equivalent to a general appearance, and thereafter the defendant will be regarded as having submitted himself to the jurisdiction of the tribunal in which the cause is pending.

In the present case, as we have seen, William S. Byers entered a conditional appearance. He then moved to set aside the service of the bill on him as well as the order of the court authorizing the service, for the reason that the court had no jurisdiction of the subject-matter or of his person and that the service of the bill, being without the jurisdiction, was irregular and illegal and not in conformity with the act of April 6, 1859, authorizing service of process upon nonresident defendants. After this motion had been denied and a subsequent demurrer had been overruled, the appellants filed separate answers, reiterating their denial of the jurisdiction of the court. Had the pleadings stopped here and had the judgment we are now reviewing been against the appellants on that issue, they could now assert the lack of jurisdiction of the court to hear and determine the cause. But their answers went beyond a denial of the authority of the court to determine the rights of the parties to the matter in controversy, and averred matters which, if found to be true, would have been a complete defense to the plaintiff's cause of action, as set forth in his bill. The answers in substance aver specifically that the bonds and money alleged in the bill to belong to the plaintiff, and which he here seeks to recover, were not his property but are the property of William R. Byers, one of the appellants, and that therefore the plaintiff has no right to the possession of them. The title to the property was the vital question in the case and was thus put in issue by the answers of the appellants. The bill averred it to be in the plaintiff and the answers averred it to be in one of the appellants. They are, therefore, not now in a position to attack the validity of the judgment on the ground that the court rendering it was without jurisdiction of their persons.

Having determined that the appellants had by their answers submitted themselves to the jurisdiction of the court, the other questions raised on the record become immaterial and need not be considered.

The decree is affirmed.