## Shuster, Appellant, *v.* Mason and Mason.

*Deeds—Cancellation—Bill in equity for cancellation of deed—Dismissal—Evidence.*

A bill in equity praying for the cancellation of a deed is properly dismissed, where the facts found by the chancellor are that the petitioner signed and acknowledged the deed and delivered it to her husband, the grantee, without any coercion, subsequently obtained possession of it, and then afterwards told her son where it was hidden, and directed him to deliver it to his father.

*Equity—Equity practice—Bill—Review.*

The findings of fact of a judge of the court of common pleas, sitting as a chancellor, based upon sufficient evidence, will not be reversed by the Superior Court, except for manifest error.

Submitted April 21, 1921.    Appeal, No. 111, April T., 1921, by plaintiff, from decree of C. P. Beaver County, March T., 1919, No. 1, sitting in equity, dismissing bill in equity in the case of Catherine Mason Shuster v. Frank Mason and John F. Mason.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Bill in equity praying for cancellation of a deed.    Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill.    Plaintiff appealed.

*Error assigned* was the order of the court.

*D. A. Nelson,* for appellant.

*A. P. Marshall,* and with him *Holt, Holt & Richardson,* for appellee.

OPINION BY KELLER, J., October 17, 1921:

The appellant filed a bill in equity alleging that a deed entered of record in Beaver County, purporting to convey certain real estate from her to her then husband, Frank Mason, had not been signed nor delivered by her but was a forgery, and praying that the same be declared void and a decree be entered cancelling it. The answer denied all the material allegations of the bill.

The learned judge of the court below, after a full hearing, found that the deed in question had been written by a member of the Beaver County Bar at the request of the appellant; that she signed the said deed, by her mark duly witnessed, after the contents had been read to her; that she signed and acknowledged the deed without any coercion or compulsion on the part of the defendants or either of them, and delivered it to her husband; that after she had signed, sealed, acknowledged and delivered the said deed to the defendant, Frank Mason, she obtained possession thereof without his consent and concealed the same; that she subsequently voluntarily left her husband and went to the State of Ohio, where she obtained a divorce and married Peter Shuster, Jr., the subscribing witness to the deed; and that at the time of her leaving she told her son, John Mason, the other defendant, where the deed was concealed and instructed him to give it to his father, which he did, and the deed was thereupon recorded. From these facts he found as conclusions of law that the deed was not a forgery; that it was lawfully signed, sealed, acknowledged and delivered by the appellant and was not fraudulently obtained nor void; and that the complainant was not entitled to the relief prayed for in the bill; and dismissed the bill at her costs.

A review of all the evidence in the case fails to convince us that the learned judge was in error as to his

findings of fact or the conclusions of law based thereon. All of the findings were supported by competent evidence and much of it by the appellant's own testimony, as for example, that the deed had been read to her at length by a friend in the absence of her husband before it was executed; that she took the completed deed from her husband's pocket without his knowledge and concealed it; and that on going away she told her son, John Mason, where she had hidden the deed and directed him to give it to his father, Frank Mason.

The findings were warranted by the evidence and were not clearly erroneous, and following the rule in Byers v. Byers, 208 Pa. 23, we will not disturb them nor the resultant decree.

The decree is affirmed at the costs of the appellant.