## Lacklen v. Lacklen.

*Divorce — Jurisdiction — Answer by non-resident respondent submitting himself to jurisdiction—Collusion.*

1. Where there has been neither personal service upon the respondent nor service by publication, an answer filed by him in the proper court under the term, number and caption of the case, signed and verified by him, is in effect a general appearance and a submission to the jurisdiction.

2. The filing of an answer is in itself insufficient to sustain an inference of collusion between the parties.

3. The validity of such an answer is not affected by the fact that it was verified in another state without attaching thereto a certificate indicating that the person who administered the oath was a notary public; the notarial seal is *prima facie* sufficient to show the official character of such person.

Exceptions to master's report. C. P. No. 5, Phila. Co., Sept. T., 1925, No. 177, in Divorce a. v. m.

D. R. Griffith, Jr., for libellant.

SMITH. J., May 20, 1927.—In this case the libellant and respondent were born and from that time resided in the State of Pennsylvania. They were mar-

ried in the City of Philadelphia, and in the libel it is alleged that the desertion took place in the City of Philadelphia, State of Pennsylvania, on June 9, 1923. The libellant offered testimony to substantiate this averment. The mother of the libellant testified that since the date of the alleged desertion by the respondent, the libellant has lived with her in her home, and that the respondent has never appeared there nor have this libellant and respondent lived together anywhere else. At the time of the filing of the libel, the residence of the respondent was given as No. 2 Fern Street, Darby, Delaware County, Pennsylvania. The master, upon his appointment, held one meeting on May 11, 1926, and after taking the testimony of the libellant and her mother, at which meeting the respondent did not appear, he recommonded that the libel in divorce be dismissed.

The record discloses that the subpœna in divorce, a copy of the libel and notice to appear and to answer were returned *non est inventus* by the sheriff. On Oct. 1, 1925, the respondent, upon whom there had been no personal service made nor service by publication, filed in the court, under the term, number and caption of this case, his own personal appearance and answer. The seal on the affidavit shows that it was taken by one A. A. Baratta, a notary public in Atlantic City, New Jersey. There is no certificate attached to the affidavit certifying that A. A. Baratta was at that time a notary public in Atlantic City, New Jersey. This answer shows that the respondent signed and swore to it on Aug. 29, 1925, before the written return-day of the writ and ten days after the libel had been issued. In the answer of the respondent he admits the first, second and third paragraphs of the libel, which relate to the names of the parties, the date of the marriage, the matter of citizenship and residence, the various addresses resided at by the libellant and respondent in the City of Philadelphia, the present residence of the libellant in the City of Philadelphia, Commonwealth of Pennsylvania, and the respondent's residence in Darby, Delaware County, Pennsylvania. In answer to the fourth paragraph of the libel, respondent stated: "I submit myself to the decree of your honorable court, upon such evidence as may be produced before and submitted to it." The libellant testified that the signature attached to this answer was that of the respondent. The respondent was not represented by counsel nor was any warrant of attorney filed on his behalf.

The master in his findings states that the marriage, residences, citizenship, age and occupation have been proved: "The testimony of the libellant herself appears to your master to be clear and honest in regard to the desertion of respondent, and her testimony shows a wilful desertion on the part of the respondent. As to the desertion, there seems to be no agreement of separation and no collusion between the parties with the exception as to the fact as to the jurisdiction of the court."

The master in his findings states that:

(a) The answer as filed on behalf of the respondent is not such an answer as would bring him within the jurisdiction of the court.

(b) That this answer is evidence of collusion of the parties to give jurisdiction to the court.

(c) That even though the answer itself is proper, since there is no certificate attached as evidence of the fact that A. A. Baratta was a notary public in the State of New Jersey, it was not a legal answer as filed.

Exceptions were taken to the findings of the master.

A reading of the record and the testimony shows that the court has jurisdiction of the subject-matter. The only question involved is: Has the court jurisdiction *in personam?* The matter to be determined is: Whether the

Lacklen v. Lacklen.

answer itself is sufficient to bring the person of the respondent within the jurisdiction of this court. There is no specific denial to paragraph four of the libel, but it is an attempt to confer jurisdiction of the person of the respondent. The purpose of the libel and subpœna in divorce is to serve notice on the respondent. The effect of a general appearance in an action in divorce cures all defects of service or notice up to the time of the appearance. It is a rule which obtains in most jurisdictions that any action on the part of a defendant, except to object to the jurisdiction, which recognized the case as in court will amount to a general appearance: Swecker v. Reynolds, 246 Pa. 197.

The Act of June 8, 1911, P. L. 720, provides that in a procedure in desertion the libellant shall be fully competent to prove desertion, although the respondent may not have been personally served with the subpœna.

It has been decided on several occasions that the mere fact that a respondent subjects himself to the jurisdiction of the court and makes no contest of the action is not in itself evidence of collusion nor, as a fact, evidence that the respondent and libellant, actively or passively, framed up a case to meet the requirements of the act of assembly. It seems clear that in the present case the sole question is one of the jurisdiction of the person; therefore, the respondent's appearance would, in any ordinary case, be sufficient to overcome this defect. The Act of 1815 states that it is necessary to establish that the complaint, as filed by the libel, is not made out of levity or by collusion between the husband and wife and for the mere purpose of being freed or separated from each other, but in sincerity and truth for the causes mentioned in the petition or libel. If the principal reason of service is to give notice to the respondent, then it becomes evident that by the filing of his answer the respondent had such notice.

In the case of Lyon v. Lyon, 13 Dist. R. 623, Judge Sulzberger wrote an opinion having some bearing upon this condition. In that opinion he stated: "The respondent here was never subjected to the jurisdiction of the court by service of process, actual or constructive. The subpœna, as to him, had no validity. His appearance here is, therefore, a voluntary submission by a ' person over whom the court had no jurisdiction."

Judge Sulzberger made reference to the case of Com. v. Barnett, 199 Pa. 161, as follows: "The present Chief Justice (then Mr. Justice Mitchell), in delivering the opinion of the court, used this language: 'Objections to jurisdiction are of two classes, between which there is a clear and well-settled distinction; first, those relating to the authority of the court over the subject-matter; and, secondly, those relating to its authority over parties. Objections of the first class cannot be waived nor jurisdiction obtained by acquiescence. . . . But in the second class the rule is different. The party exempt from jurisdiction may waive his personal privilege, and if he does so, the jurisdiction of the court is complete. Thus, if the defendant is not duly served with process, or is a non-resident beyond the reach of process, or if served while temporarily exempt as a juror or party or witness or member of the legislature, the proceeding, as to him, will be void or voidable on showing the facts. But if he waives his exemption and appears voluntarily, the jurisdiction of the court over him is thereafter beyond question.' "

The court discussed fully what might be regarded as collusion, levity and connivance, and then concluded: "The fact, therefore, that the respondent in a desertion case helps the cause along by the perfectly legal process of voluntary appearance is, without evidence of other facts, very feeble ground for inferring collusion."

Lacklen v. Lacklen.

The master himself finds that there is evidence that proved a *bona fide* desertion. Whether the paper purporting to be an answer as filed by this respondent is an answer or an appearance filed by him, it would bring him within the jurisdiction of this court. Such writing is proper evidence of notice received by respondent of this action instituted against him. The mere fact that there is no certification to the affidavit taken by the notary public showing his authority to take such an affidavit does not necessarily invalidate this paper. The fact of the seal being attached by this notary public to this affidavit is *prima facie* evidence that the person who uses this seal and signs the certificate is in fact a duly commissioned notary public.

The caution as evidenced by the master is most commendable, but, after a careful reading of the record, the report and the testimony, the court finds that the respondent waived his exemption to question the court's jurisdiction over his personal appearance. The fact that this paper is filed, together with the non-appearance of the respondent at the hearing before the master, is, as said by Judge Sulzberger, very feeble ground for inferring collusion.

Exceptions to the master's report are, therefore, sustained and the divorce is granted.