Commonwealth, by Hilbert, Appellant, *v.*
Lutz et al.

Argued April 14, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Roy P. Hicks,* with him *Randolph C. Ryder,* Deputy Attorney General, *T. McKeen Chidsey,* Attorney General and *Harry F. Stambaugh,* Special Deputy Attorney General, for appellant.

*James J. Gallagher,* for appellees.

OPINION BY MR. CHIEF JUSTICE MAXEY, May 24, 1948:

Plaintiff, Mine Inspector of the 21st Anthracite District of Pennsylvania sought an injunction against defendants prohibiting them from unlawfully and wrongfully operating and mining a barrier pillar separating the Brookside Mine and Williamstown Mine in Porter Township, Schuylkill Co., Pennsylvania, contrary to the Mine Laws of the Commonwealth (Articles IV and XII, Act of June 2, 1891, P. L. 176, 52 PS 281 et seq., as amended). Article XV, section 1, of the Act provides that any violation can be prohibited by a Court or Courts of the County wherein the mine proceeded against is situated but "this section shall be without prejudice to any other remedy, permitted by law for enforcing the provisions of this Act. . . ." (52 PS 501). The Act also states that the Mine Inspector may apply for an injunction against mines employing ten or more persons.

The bill avers (fourth averment) that defendants are neither lessees nor owners of the premises, nor do

they have any right, title or interest therein. There is no allegation to the effect that ten or more persons are being employed.

Because defendants were residents of Dauphin County, plaintiff applied to the court for an order authorizing extraterritorial service as provided by the Act of April 6, 1859, P. L. 387, as amended, 12 PS 1254. The order was granted and service made accordingly. Two of the defendants named were served personally while service upon the remaining defendants was made by serving adult members of their family. Defendants entered an appearance de bene esse for the purpose of challenging the jurisdiction of the court and the validity of the extraterritorial service. In their petition raising jurisdictional questions, defendants also averred that the bill alleges only the five named defendants as being employed in the mine while the Act limits the right of the Plaintiff Mine Inspector to apply for an injunction to mines employing ten or more persons.

In dissolving the preliminary injunction which was granted and in dismissing plaintiff's bill, the court said inter alia: "This averment [plaintiff's fourth averment] indicates clearly that the nature of the equitable relief in this case is 'in personam' and not 'in rem.' The defendants have no right, title or interest whatsoever in the property upon which they are conducting mining operations, they being mere trespassers in relation to this property. . . ."

The court also cited the following from our opinion in *Atlantic Seaboard Natural Gas Company v. Whitten,* 315 Pa. 529, 173 A. 305: " 'The only statute invoked by plaintiff as authority for the service made, and now challenged, is the Act of April 6, 1859, P. L. 387 (12 PS Section 1254-1256), but it is settled in this court that a decree against a defendant personally is not within the purview of that act, and, where such decree is sought, the court has no authority under that act to direct service upon the defendant . . .' "

The distinction between actions in rem and actions in personam is set forth in *Pennoyer v. Neff*, 95 U. S. 714 (cited by this Court in Atl. Seaboard N. Gas Co. v. Whitten, supra( where the Supreme Court of the United States stated: "It is true that, in a strict sense, a proceeding in rem is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants; but, in a larger and more general sense, the terms are applied to actions between parties, where the direct object is to reach and dispose of property owned by them, or of some interest therein."

The Court said with respect to actions in personam: "But where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely in personam, constructive service in this form upon a non-resident is ineffectual for any purpose."

In *Atl. Seaboard N. Gas Co. v. Whitten*, supra, this Court said: "Decrees against persons directing them to take certain action in respect to property are generally regarded as decrees in personam." (Citing cases).

Because of the fact that a decree for an injunction acts upon the person of the defendant, proceedings for injunctions have been regarded as in personam, and the jurisdiction of the court over a non resident, not served personally in the state but by publication or out of the state, has been denied on constitutional grounds, or on the hypothesis that from the very nature of the case, a court sitting in one state would be powerless to enforce its mandate over a person residing in another jurisdiction, unless such person chose to submit his person to the process of such court. The Supreme Court of Oklahoma in *Howard v. Berryman*, 288 Pac. 605, said: "The remedy of injunction is strictly in personam. The decree operates and is enforceable against the individual and not against property. 14 R. C. L. 307; Joyce on Injunctions, vol. I, §1; Kerr on Injunctions (5th

Ed.) p. 11. In 32 C. J. p. 83, find the applicable rule stated in this language: 'An injunction operates in personam and it will not issue against one not within the jurisdiction of the court.' . . . In the recent work entitled The Law of Injunctions by Lewis and Spelling, the authors at page 19 have this to say on the question: 'Jurisdiction to grant and enforce injunctions does not extend beyond the State in which the application is made. . . . If the exercise of such a jurisdiction were attempted and an injunction granted to operate in another state and it should be disobeyed by persons in the other state, the court issuing the injunction would be powerless to enforce the injunction by attachment, and hence the effort to exercise such power would be readily defeated.' "

In *McCormick v. Blaine,* 345 Ill. 461, 178 N. E. 195, 77 ALR 1215, the Supreme Court of Illinois held: "A judgment in rem may be briefly defined as one founded on a proceeding instituted, not primarily against the person, but against or upon some thing or subject-matter the status or condition of which is to be determined. Such judgment is one affecting the status of the res. A proceeding in personam is a proceeding against the person. It involves his personal rights, and may involve his right to specific property or the exercise of the ownership of such property but it is based on jurisdiction of his person." (Citing cases).

The decree prayed for in the instant case if granted would not operate exclusively against the property but would operate against the individual defendants. Plaintiff seeks to interfere with defendants' acts on the property in question and not with the property itself. Plaintiff by injunction wishes to compel defendants to cease their mining operations until the substandard safety conditions are improved and the standards prescribed by the Anthracite Act are complied with. The decree required therefore is one in personam.

In *Vandersloot v. Pa. W. & P. Co.*, 259 Pa. 99, 102 A. 422, plaintiff filed a bill in equity in York County against a Pennsylvania corporation to compel the removal of a dam which was partly in York County and partly in Lancaster County, and which was alleged to cause water to overflow complainant's land in York County. The bill by leave of the York County court was served on officers of the defendant in New York, where the company's principal office was located, and in Lancaster County, where its mills were situated. The prayers of the bill comprehended relief affecting the entire dam of the defendant, and also relief requiring a decree against the defendant personally. This Court in an opinion by Justice Von Moschzisker held, reversing the court below, that the service was not within the authority of the Act of 1859, or other statutory authority, and a rule to set it aside should have been made absolute.

In *Lunine v. Pa. Alcohol Permit Bd. et al.*, 305 Pa. 162, 157 A. 470, this Court held that a court of equity has no jurisdiction to maintain a suit in a county where the holder of a permit to manufacture cereal beverages under the federal supervisor's permits, serves the Pennsylvania Alcohol Permit Board with the bill in Dauphin County, and that is so although plaintiff's real estate where it conducts its business is in the county where the suit is brought. The proceeding cannot be sustained as an action in rem. We said in that case, quoting from the opinion of the trial court: " 'The Act of 1859 must be construed in harmony with the policy of our jurisprudence not to bring nonresidents within the jurisdiction of our courts unless in very special cases . . . a decree against a defendant personally is not within the purview of that act and . . . where such decree is sought, the court has no authority under that act to direct service upon the defendant . . . the matter here in controversy is plaintiff's right to conduct the business of manufacturing cereal beverages; the controversy touches his premises only incidentally as the place where

he wishes to enter upon this business. Plaintiff's title or possession of the premises is in no way questioned by the defendants. It is his acts and not his property that the defendants seek to interfere with. And it is the restraint of defendants from interference with said acts that plaintiff seeks to enjoin. The decree sought is clearly personal and hence not within the Act of 1859.' "

The following statement appears in *Freeman v. Alderson*, 119 U. S. 185: "Actions in rem, strictly considered, are proceedings against property alone . . . The property itself is in such actions the defendant . . . its forfeiture or sale is sought for the wrong, in the commission of which it has been the instrument, or for debts or obligations for which by operation of law it is liable. . . . There is, however, a large class of cases which are not strictly actions in rem, but are frequently spoken of as actions quasi in rem, because though brought against persons, they only seek to subject certain property of those persons to the discharge of the claims asserted. Such are actions in which property of nonresidents is attached and held for the discharge of debts due by them to citizens of the State, and actions for the enforcement of mortgages, and other liens. Indeed, all proceedings having for their sole object the sale or other disposition of the property of the defendant to satisfy the demands of the plaintiff, are in a general way thus designated."

The action now being reviewed is neither an action in rem nor an action quasi in rem. It is, as the court below held, an action in personam, in which the restraint of an injunction was sought to be imposed on certain individuals who, so it was alleged, were mining a barrier pillar, an act prohibited by law, and menacing the safety of workmen. The command in such a case is directed to individuals and it is in effect: Do not mine that barrier pillar of coal. See "the barrier pillar case", *Commonwealth v. Plymouth Coal Co.*, 232 Pa. 141, 81 A. 148, affirmed in 232 U. S. 531.

Plaintiff's bill is also defective on its face since it does not aver that "more than ten persons" are employed by defendants. The Act specifically provides that it is enforceable against mines employing ten or more persons. In *Mahon et al. v. Penna. Coal Co.*, 274 Pa. 489, 118 A. 491, this Court stated: ". . . The Anthracite Mining Act of June 2, 1891, P. L. 176, applies solely to mines of that character, located in certain parts of designated counties, employing a working force of 'more than ten persons'; it was sustained in Durkin v. Kingston Coal Co., 171 Pa. 193, 204." Appellant contends that reference to this defect in defendants' petition constituted a general appearance as being a defense on the merits. We do not so interpret this reference. Defendants' averment related merely to a formal defect.

The decree of the court below is affirmed; costs to be paid by the appellant.