Aquilina *v.* Doan, Appellant.

406

Argued May 28, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ. Appeal, No. 161,

*Clemens Simon,* with him *John J. Pentz* and *Pentz & Silberblatt,* for appellants.

*James H. Prothero,* with him *W. Albert Ramey* and *Francis J. Mottey,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, June 26, 1953:

This proceeding was initiated by a bill in equity which prayed for the reformation of a release of chattel mortgage and also for an order directing defendant Smith to surrender a bill of sale for a certain bulldozer for correction.

The bill disclosed that both defendants resided in Jefferson County and the equipment in question was also in Jefferson County, and prayed for extraterritorial service under the Act of April 6, 1859, P. L. 387, as amended, 12 PS §1254. Defendants filed an appearance de bene esse, objected to the service and moved that the bill be stricken off. This motion was refused by the chancellor. The defendants then filed separate answers.

On December 30, 1950 a chattel mortgage in the amount of $10,000 covering two bulldozers and one power shovel was executed by defendant Doan as mort-

gagor in favor of plaintiff as mortgagee. Doan's signature on the mortgage was acknowledged before a notary public, but the space provided in the mortgage form for the signature of a witness was blank. This chattel mortgage was filed in the office of the Prothonotary of Clearfield County within ten days of its execution. The serial numbers on the various pieces of equipment covered by the chattel mortgage were furnished by defendant Doan. One of the bulldozers (8R6297) was in much better condition than the other (IH3089). Plaintiff knew nothing about the serial numbers of the respective bulldozers.

Subsequently, on June 9, 1951, after Doan expressed a desire to sell the equipment separately, a second chattel mortgage on the same equipment was executed between the same parties in the amount of $11,518, the increased figure apparently representing an additional loan from Aquilina to Doan. This mortgage was properly signed, acknowledged and witnessed, but was not recorded.[1] In the second chattel mortgage, bulldozer 8R6297 (the better one) was valued at $518, and bulldozer IH3089 (the poorer one) was valued at $5,500. These respective values were furnished by defendant Doan. At the same time separate releases from the lien of the chattel mortgage were prepared for each piece of equipment to be retained by plaintiff's attorney until the individual pieces were sold. At the time these chattel mortgages were executed, all of the equipment was in Clearfield County, but subsequently it was all removed to Jefferson County without the permission

---

[1] The chattel mortgage of June 9, 1951 does not provide the basis of this suit which is founded solely upon the chattel mortgage of December 30, 1950. The chattel mortgage of June 9th is material because it includes valuations assigned to the various pieces of equipment.

of the mortgagee, contrary to the terms of the mortgage.

Defendant Smith agreed with defendant Doan to purchase the cheaper of the two bulldozers. In accordance with the arrangement previously made with the mortgagee, Doan and Smith delivered $518 to plaintiff's attorney who thereupon filed of record a release from the lien of the chattel mortgage for bulldozer 8R6297, which had been previously represented by Doan to be the poorer bulldozer. Doan then executed a bill of sale conveying bulldozer 8R6297 to Smith for a consideration of $518. After the bill of sale was executed, defendant Smith took bulldozer IH3089 to his farm in Jefferson County. Bulldozer 8R6297 and the power shovel were retained in the possession of defendant Doan and moved by him to another farm in Jefferson County. The defendants attempted to explain this arrangement by saying that bulldozer IH3089 was delivered to defendant Smith for repairs and bulldozer 8R6297 was loaned by him to defendant Doan for one month. The chancellor found that this explanation was unworthy of belief and that although defendant Smith intended to purchase the cheaper of the two bulldozers, he joined defendant Doan in his misrepresentation in an endeavor to keep the more valuable bulldozer.

The final order of the court below directed that the release of lien recorded in the office of the prothonotary be changed from bulldozer 8R6297 to bulldozer IH3089 and directed that the bill of sale from defendant Doan to defendant Smith for bulldozer 8R6297 be changed to read IH3089. From this order defendants appeal.

Appellants contend first that the Court of Common Pleas of Clearfield County did not have jurisdiction over defendants since both defendants and equipment involved were in Jefferson County. The defendants were subjected to extraterritorial service under

the Act of April 6, 1859, supra, and in their de bene esse appearance attempted to object to such service. However, in this pleading defendants further advanced the proposition that the chattel mortgage was deficient since it was not witnessed in accordance with the statutory requirements. Defendants chose not to confine themselves strictly to the issue of the jurisdiction of the court, and in addition set up a defense on the merits. Under such circumstances the defendants must be deemed to have submitted themselves to the jurisdiction of the court and are bound by its determination of the legal questions involved: *Byers v. Byers,* 208 Pa. 23, 57 A. 62; *Wormley Esiate,* 359 Pa. 295, 59 A. 2d 98. In *Commonwealth by Hilbert v. Lutz et al.,* 359 Pa. 427, 60 A. 2d 24, relied upon by appellants, the additional defense offered in a de bene esse appearance was addressed only to a formal defect of pleading, and this Court held that such additional reference in the petition did not amount to a general appearance. In the instant case, the additional ground relied upon by defendants for the dismissal of the bill is not a mere formal defect, but a matter of substantive law, which was subsequently decided contrary to appellants' contention in the court below and will be referred to in detail later in this opinion.

Appellant Smith contends that there was no basis in the testimony to support the finding of the chancellor that he was guilty of fraud and no basis for reforming the bill of sale which Smith obtained for bulldozer 8R6297. It is clear that if appellant Smith did participate in the fraud, then reformation of the bill of sale was proper. The chancellor found as fact that Smith joined in the misrepresentation in an effort to keep the better bulldozer, although his original intention was, as he testified, to purchase the cheaper one. Immediately after the release of lien and bill of sale

were delivered on July 27, 1951, Smith removed the cheaper bulldozer (IH3089) to his farm in Jefferson County, and at the time of the hearing, May 1, 1952, did not even know the location of the better bulldozer (8R6297) to which he claimed title. Under these circumstances the chancellor would have been naive to conclude that Smith had no part in the fraudulent transaction.

Appellants contend that appellee had an adequate remedy at law which was invoked by him prior to his filing of the present bill in equity. The record discloses that on August 16, 1951, appellee entered judgment in Jefferson County against appellant Doan on the bond accompanying the mortgage of December 30, 1950 and issued a fi. fa. on this judgment. Defendant Doan presented a petition to the Jefferson County Court for a rule to show cause why the judgment should not be opened with stay of all proceedings. This petition was granted and a rule issued. No further steps were taken in that proceeding, pending the determination of the instant action in equity. It cannot be said that the remedy at law was adequate. The defendant in the Jefferson County proceeding had in his possession a release of lien for the more valuable bulldozer and would have had a defense to any levy on that asset. Appellant Smith who technically held the title to bulldozer 8R6297 was not a party to the proceeding. In order that the remedy at law be adequate, it would be necessary that the release of lien and the bill of sale be reformed. Otherwise assets with a value of only slightly more than $6,000 ($5,500 for the power shovel and $518 for the remaining bulldozer) would be available as security for a debt of about $9,500 ($10,000 originally loaned less $518 paid to the mortgagee when the release of lien was recorded). The appellee was not required to rely upon the general credit of appel-

lant Doan to recover on the bond the full amount of the loan of $10,000 after a valuable asset had been released from the lien of the mortgage as the result of fraud. It also should be noted that the appellants did not order the case upon the argument list for hearing on this point and under the Equity Rules then in force (Rule 49) it must be considered to have been waived. Appellants' contention that the remedy at law was adequate cannot be sustained.

Appellants further contend that the chattel mortgage in question was void under the Act of June 1, 1945, P. L. 1358, since it was not witnessed. The Act of 1945 provided in Section 2: "Any mortgage, executed under and pursuant to this act, shall be in writing and signed, witnessed and duly acknowledged by the mortgagor. . .". In support of this contention appellants rely upon *Arcady Farms Milling Company v. Sedler,* 367 Pa. 314, 80 A. 2d 845, where it was stated at p. 318 that unless a chattel mortgage has been witnessed it does not come within the provisions of the Act. That case was a suit in trespass for conversion of personal property brought by a mortgagee against a purchaser from the mortgagor, and holds that the Act of 1945 authorized a chattel mortgage only when it was given as security for an indebtedness on a bond or note, and that there was no authority in the Act to create a chattel mortgage upon an unsecured debt as was there attempted. The language referred to by appellants concerning the necessity of a witness does not require *in this proceeding in equity* that we permit appellants, whom the chancellor found to be guilty of a fraud upon the appellee, to enlist the aid of this Court in their attempt to seek shelter behind a cloak of immunity cut from cloth of their own making. In the instant case the chattel mortgage was security for indebtedness on a bond, it was in writing, signed and duly acknowl-

edged by the mortgagor. In addition, John MacKinlay, a business associate of the appellee, testified that the signature of the mortgagor was affixed in his presence, although his name does not appear on the mortgage as a witness. Appellant Doan does not deny that he signed this mortgage and had it acknowledged, as well as a second mortgage on the same assets, which although it was properly signed, witnessed and acknowledged, was not recorded. Nor is it denied by Doan that he received $10,000 in cash from the appellee upon the security of the mortgage. There is no claim by either of the appellants that the chattel mortgage was not exactly as recorded in Clearfield County. It is not disputed that they sought and obtained from the appellee a release from the lien of the mortgage as to one of the assets. The intent of the Legislature in passing the Act of 1945 was to prevent fraud, not to facilitate it. Under all of the circumstances of this case appellants cannot be heard to say that the chattel mortgage of December 30, 1950 was void.

Order affirmed. Costs to be paid equally by the appellants.

Mr. Justice ALLEN M. STEARNE dissents.